PETTIS ET AL. v. JACK WARREN.

THIS was a writ of error, upon a judgment of the Mayor's Court, in the city of Norwich.

The case was — That the defendant in error brought his action of trespass before the Mayor's Court, for an assault and battery.— The defendants in the action pleaded in abatement — That the plaintiff was a runaway negro, a slave for life, traveling without a pass, and being found by the defendants in the city of Norwich, was taken up to be examined before proper authority: That no duty had been paid upon the plaintiff's writ; and that neither of the parties lived within the jurisdiction of said city.

The plaintiff replied — That he lived within the jurisdiction of said city, and had paid the duty on his writ, and traversed his being a slave. The defendants affirmed over the whole of their plea, and issue was joined thereon.— The jury found a verdict for the plaintiff, and £9 damages, leaving that part of the issue, whether the plaintiff was a runaway negro, unanswered; on which it was moved in arrest of judgment, on this ground — that the verdict did not comport with the issue:— But the motion was overruled; which was one of the errors complained of.

Another matter complained of in error, was — That upon a challenge to one of the jurors; for that he had declared an opinion, "that no negro, by the laws of this state, could be holden a slave;" an inquiry into the facts was denied, and he admitted to sit.

On both points the judgment of the City Court was affirmed.

Pettis et al. v. Warren.

By the whole COURT. Though by statute, "whatsoever negro is found wandering out of the town or place to which he belongs, without a ticket, or pass, in writing, under the hand of his master or owner, or of an assistant or justice of the peace, shall be deemed a runaway; and any person finding or meeting him, may seize and secure him, to be examined before the next authority," etc. Yet the jury having found that the plaintiff, at the date of his writ (which was the next day after the facts complained of) lived and dwelt in the city of Norwich, it appears that he was not wandering out of the town or place to which he belonged, so as by the statute to justify the seizure of him by a private person, not his master.

If the plaintiff was a wandering negro, subject to be taken up as a runaway, this, though it might be matter of justification, and pleadable in bar, is not matter of abatement, nor the question concerning it a material part of the issue.

As to the other point — An opinion formed and declared upon a general principle of law, does not disqualify a juror to sit in a cause in which that principle applies. Juries are judges of law as well as fact, as relative to the issues put to them, and are supposed to have opinions of what the law is, though a willingness to change them, if reason appears in the course of the trial. They may all be challenged on one side or the other, if having an opinion of the law in the case is ground of challenge.— It is enough in point of indifferency, that jurors have no interest of their own affected, and no personal bias, or prepossession, in favor or against either party; and not requisite that they should be ignorant

of the cause, or unopinionated, as to the rules and principles by which it is to be decided.— It has been adjudged (23 Car. K. B.) not to be a sufficient cause of challenge, that a juror had declared his opinion concerning the title of the land in question; so also, that the jury have found others guilty on the same indictment; or that a juror has declared his opinion that the party is guilty, and will be hanged, if it appears he made such declaration from his knowledge of the cause, and not out of ill will to the party. 2 Hawk. P. C. 418.— It appears, therefore, to us, that the judgment of the City Court is not erroneous in either of the matters complained of.